

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK A. RUGIERO,

             Plaintiff,

Case No. 11-cv-12312

Paul D. Borman
United States District Judge

v.

Paul J. Komives
United States Magistrate Judge

FLAGSTAR BANK, FSB, NATIONSTAR
MORTGAGE, LLC, FANNIE MAE,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

             Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF NO. 27) AND DENYING LEAVE TO AMEND

This matter is before the Court on Defendants Nationstar Mortgage LLC ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Fannie Mae's Joint Motion for Summary Judgment or to Dismiss Plaintiff's Complaint. (ECF No. 27.) Plaintiff filed a response (ECF No. 28) and Defendants' filed a reply (ECF No. 31.) The Court held a hearing on February 27, 2013. For the reasons that follow, the Court GRANTS the motion and DENIES leave to amend.

## INTRODUCTION

This is a mortgage foreclosure case. Plaintiff defaulted on his mortgage, his home was sold at a sheriff's auction following foreclosure by advertisement, Plaintiff failed to seek judicial foreclosure or to redeem the property during the statutory redemption period and now seeks to set aside the completed foreclosure sale and reclaim title to his home, in which he continues to live to

1

this day. In addition, Plaintiff filed for bankruptcy protection just weeks before filing this case and failed to identify his action against these Defendants as an asset of his estate. For the reasons that follow, the Court GRANTS Defendants' motion to dismiss and/or for summary judgment.

## I.    BACKGROUND

On March 31, 2005, Plaintiff executed a Note in the amount of $240,000 (ECF No. 27, Defs.' Mot. Ex. A, "the Note") which was secured by a Mortgage (Defs.' Mot. Ex. B, "the Mortgage") on property located at 1836 Kinmore Street, Dearborn Heights, Michigan 48127 ("the Property"). The Mortgage was recorded with the Wayne County Register of Deeds on May 3, 2005. (*Id.*) The Lender on the Note and Mortgage was now-dismissed Defendant Flagstar Bank ("Flagstar"). Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") acted solely as nominee for Flagstar under the Mortgage and is the mortgagee under the Mortgage instrument. Defendant Nationstar Mortgage, LLC ("Nationstar") succeeded Flagstar as the servicer on the loan. (Defs.' Mot. Ex. C.) On March 25, 2012, MERS assigned its interest in the loan to Nationstar and this assignment was recorded with the Wayne County Register of Deeds on April 27, 2010. (Defs.' Mot. Ex. D, Assignment of Deed of Trust.)

Plaintiff began to experience financial difficulties in 2009 as a result of custody litigation involving his children and began having trouble making payments on his mortgage loan. (Defs.' Ex. E, May 16, 2012 Deposition of Patrick Rugiero 21-23.) To the best of his recollection, he made his last mortgage payment at the end of 2009 or the beginning of 2010. (*Id.* at 26.) Mr. Rugiero recalls receiving correspondence from Trott & Trott, counsel engaged by Nationstar to conduct foreclosure proceedings and a sheriff's sale of the Property, regrading his delinquent loan, but does not recall the exact content of those communications. (*Id.* at 27-28.) Trott & Trott sent two letters to Plaintiff,

2

both dated March 31, 2010: (1) a Fair Debt Letter explaining that Trott & Trott had been engaged by Nationstar to accelerate and collect Plaintiff's mortgage loan (Defs.' Mot. Ex. F); and (2) a Loan Mediation letter explaining to Plaintiff his rights under the Michigan Loan Modification law (Defs.' Mot. Ex. G). Mr. Rugiero did not contact Trott & Trott to participate in the loan mediation process. (Defs.' Mot. Ex. H, June 6, 2012 Affidavit of Lillian Jimenez.)

On May 26, 2010, Trott & Trott, having published Notice of the same for four consecutive weeks in the Detroit Legal News beginning on April 28, 2010 and Notice having been posted on the Property as required by Michigan law, sold the Property at a Sheriff's Sale to Nationstar. (Defs.' Mot. Ex. I, Sheriff's Deed and Affidavit of Publication.) On May 28, 2010, Nationstar transferred its interest in the Property by Quit Claim Deed to Fannie Mae. (Defs.' Mot. Ex. J, Quit Claim Deed.) Plaintiff failed to redeem the Property within the redemption period, which expired as stated in the Sheriff's Deed on November 28, 2010.

On December 13, 2010, Trott & Trott filed a complaint for possession of the Property in the 20th District Court, Dearborn Heights, Michigan. (Defs.' Mot. Ex. K, Complaint for Possession.) Plaintiff retained counsel to represent him in the eviction proceedings and filed an answer.

On January 28, 2011, Plaintiff filed for protection from his creditors under Chapter 13 of the United States Bankruptcy Code. (Defs.' Mot. Ex. L, Bankruptcy Case No. 11-42088, Eastern District of Michigan, ECF No. 1, Chapter 13 Voluntary Petition.) On March 3, 2011, Fannie Mae sought and received from the Bankruptcy Court a stay of relief from the automatic stay permitting Fannie Mae to proceed with its rights with respect to the Property, including the right to contact the Debtor to engage in loss mitigation or loan modification. (Defs.' Mot. Ex. M, Order Granting Relief from Stay.)

3

On March 11, 2011, Plaintiff's counsel filed the instant Complaint in Wayne County Circuit Court and Defendants removed the case to this Court. (ECF No. 1, Notice of Removal.)  On April 19, 2012, the parties stipulated to the Dismissal of Defendant Flagstar.  (ECF No. 26, Stipulated Order of Dismissal.)  On June 6, 2012, the remaining Defendants filed the instant Motion for Dismissal and/or for Summary Judgment. (ECF No. 27.)  On July 3, 2012, Plaintiff filed a Motion to Amend the Complaint, which this Court referred to Magistrate Judge Paul J. Komives.  (ECF No. 33, Order of Reference.)  The parties briefed the Motion to Amend and Magistrate Judge Komives issued an Opinion and Order on September 25, 2012, denying the Motion to Amend without prejudice and deferring to this Court's resolution of the instant Motion for Summary Judgment. (ECF No. 38.)

## II.    STANDARD OF REVIEW

### A.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents

attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

## B.      Federal Rule of Civil Procedure 56

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; *See also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)

(quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to

7

make [his] case with a showing of facts that can be established by evidence that will be admissible at trial.... In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)).

## III.   ANALYSIS[1]

### A.   Plaintiff's Failure to File any Substantive Response to the Defendants' Motion is Sufficient Grounds to Grant the Defendants' Motion

Plaintiff's response to Defendants' well-supported motion offers absolutely no law or argument to counter the facts and legal argument presented in Defendants' motion. (ECF No. 28, Pl.'s Resp. to Defs.' Motion for Summ. Judg. or to Dismiss.) This failure to respond "is grounds for granting [Defendants'] motion." *CareSource*, 576 F.3d at 558. The only response that Plaintiff offers has no relation to the merits of the motion but complains that the motion was untimely by one week according the Court's Scheduling Order date for filing dispositive motions. The Court finds that this delay in filing the motion, one week beyond the date set forth in the Court's scheduling order, has resulted in no prejudice to the Plaintiff, who was given a full and fair opportunity to respond to the arguments presented and chose not to offer any substantive response.

---

[1] Although Defendants move under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, both parties direct the Court's attention to matters outside the pleadings. *United Brotherhood of Carpenters and Joiners of America v. Ohio Carpenters Health and Welfare Fund*, 926 F.2d 550, 558 (6th Cir. 1991) ("When a court considers dismissing an action for the legal insufficiency of the claim, and matters outside the pleadings are presented to the court and not excluded by it, the proceeding must be considered one for summary judgment."). Therefore, the Court will treat the motion as one for summary judgment.

If it was not made clear by Plaintiff's failure to respond to any of the arguments set forth in Defendants' well-supported motion that he has abandoned each of the claims presented in his initial Complaint, his request to amend his Complaint most certainly clarifies his intent to do so. In lieu of any substantive response to Defendants' motion, Plaintiff "seeks to amend his Complaint based on client testimony." (ECF No. 28, Pl.'s Resp. 7.) Plaintiff apparently desires to swap out his original claims for a new claim, i.e that he never received a Notice of Mediation pursuant to Mich. Comp. Laws § 600.3205(a), which Plaintiff argues entitles him to "convert" his completed foreclosure to a judicial foreclosure and/or to void the sheriff's sale of his property. Plaintiff's counsel recently attempted this same legal maneuver in a case in this district before the Honorable Patrick J. Duggan and his efforts were soundly rejected. *See Butts v. JPMorgan Chase Bank, N.A.*, No. 12-13282, 2012 WL 6194228 (E.D. Mich. Dec. 12, 2012), and discussion *infra* at 13-15.

The Court concludes that Plaintiff's failure to respond to the substantive legal and factual arguments presented in Defendants' motion is grounds alone to grant the motion. In any event, Plaintiff's claims fail for the separate and independent reason that Plaintiff failed to list the claims he asserts in this action in his January 28, 2011 Bankruptcy action and therefore Plaintiff lacks capacity to bring this suit. Even assuming he had standing to assert these claims, he has failed to demonstrate that he is entitled to set aside the completed foreclosure sale of the Property.

## B.     Plaintiff is Not the Real Party in Interest and Lacks Capacity to Bring the Instant Claims

As an initial matter, as discussed *supra*, the Court notes that Plaintiff's failure to respond or even acknowledge Defendants' argument regarding Plaintiff's capacity to bring suit due to his non-disclosure of this action in his bankruptcy filing is grounds enough to rule in favor of Defendants on

9

this point. But the Court addresses this argument in substance because of Plaintiff's oblique suggestion in another filing (his reply in support of his motion to amend) that he was unaware of the claims presented in this action, which Plaintiff filed on March 11, 2011, when he filed his bankruptcy action less than two months earlier, on January 28, 2011.[2] The Court rejects this contention as completely unsupported by the undisputed facts and inherently incredible.

Plaintiff's home was sold at a sheriff's sale on May 26, 2010. The redemption period expired on November 28, 2010 and Plaintiff had not acted to redeem the Property. Eviction proceedings were commenced in state court on December 13, 2010. It is undisputed that each of Plaintiff's claims in his original Complaint, and his claim sought to be asserted in his proposed Amended Complaint, relates to events that transpired well before he filed for bankruptcy on January 28, 2011. Plaintiff does not even endeavor to explain to the Court what transpired between the date he filed for bankruptcy, January 28, 2011, and the date he filed this action in Wayne County Circuit Court less than two months later on March 11, 2011, that caused his claims to only then come to his attention. Although Plaintiff argues that he only became aware of his claim regarding loan mediation notice at his own May 16, 2012 deposition, this simply makes no sense. The principal grievance on which Plaintiff now attempts to hang his hat, i.e. the fact that in 2010 he allegedly was never offered a loan modification prior to foreclosure as required by Mich. Comp. Laws § 600.3205a, was clearly a matter of which Plaintiff should have been aware long before he filed for bankruptcy protection on January 28, 2011, and similarly long before his deposition in May, 2012. Importantly, Plaintiff

---

[2] The Court notes that in his reply to Defendants' objection to his motion to amend his Complaint, Plaintiff did indirectly address some of the arguments presented in the instant motion. Clearly, this does not suffice as a response to the instant motion and, in any event, none of Plaintiff's suggested arguments are legally or factually well-supported, as discussed *infra*.

has been represented by counsel since the start of his mortgage-related troubles. His deposition may have alerted his attorney to assert a claim based on the alleged notice failing, but that does not alter the reality that Plaintiff should have known back in 2010 when the foreclosure and eviction proceedings were taking place that his rights in this regard allegedly had been denied. Indeed, Plaintiff was represented by counsel in his eviction proceeding in the state court, which commenced on December 13, 2010, and clearly he knew or should have known then of his claims regarding any failures as to loan modification opportunities. As Magistrate Judge Komives noted in his Opinion and Order denying Plaintiff's motion to amend his Complaint to assert the loan modification notice claim, "there is no reason why the 2010 matters regarding which plaintiff testified on May 16, 2012 were not matters of which plaintiff would be aware when filed his complaint on March 11, 2011." (ECF No. 38, Opinion and Order at 10 n. 13.) Similarly, on January 28, 2011, less than two months earlier, these were matters of which Plaintiff would have been aware.

Given that the claims Plaintiff asserts in this action clearly accrued prior to January 28, 2011, when he filed for bankruptcy protection, the law in the Sixth Circuit is clear that Plaintiff lacks standing to pursue these claims:

> The Bankruptcy Code itself provides that the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and it is well established that the "interests of the debtor in property" include "causes of action." *Gochenour v. Cleveland Terminals Building Co.*, 118 F.2d 89, 93 (6th Cir. 1941); *In re Ozark Restaurant Equipment Co.*, 816 F.2d 1222, 1225 (8th Cir.1987), *cert. denied*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987).
>
> It is equally clear that the trustee in bankruptcy acts as representative of the estate. It is the trustee who "has capacity to sue and be sued." 11 U.S.C. § 323(b). *See also* Bankr. P. R. 6009. "It is well settled that the right to pursue causes of action formerly belonging to the debtor-a form of property 'under the Bankruptcy Code'-vests in the trustee for the benefit of the estate." *Jefferson v. Mississippi Gulf Coast YMCA*, 73

11

B. R. 179, 181-82 (S.D. Miss.1986). The debtor has no standing to pursue such causes of action. *Matter of Tvorik*, 83 B.R. 450, 456 (Bankr. W.D. Mich. 1988).

*Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 440-41 (6th Cir. 1988).

Even assuming the veracity of Plaintiff's legally and factually unsupported claim that he was unaware of his claims arising from his 2010 home foreclosure on January 28, 2011, when he filed his bankruptcy petition, "the duty of disclosure is a continuing one, [and] Plaintiff did not [] amend his bankruptcy filings to disclose this claims." *Vaughan v. County of Washtenaw*, No. 10-14019, 2011 WL 2271315, at *5 (E.D. Mich. June 8, 2011). Any legal or equitable interest that Plaintiff may have retained in the Property, including the right to institute a cause of action to recover it, belonged to the Bankruptcy Estate and the trustee alone was vested with the right to pursue the claim for the benefit of the Estate. Plaintiff lacked the capacity to sue. *See also Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) ("When Auday filed for bankruptcy, her estate became the owner of all of her property, including her tort claims that accrued before she filed her bankruptcy petition. . . . This means that, absent abandonment, only the Trustee may bring the age-discrimination claim, and Auday has no standing to pursue it alone."); *Currithers v. FedEx Ground Package System, Inc.*, No. 04-10055, 2012 WL 380146, at *7-8 (E.D. Mich. Feb. 6, 2012) (holding that plaintiff's failure to list his legal claim against FedEx in his Chapter 13 filing deprived him of standing to bring the claim post-discharge and that a "professed lack of awareness of his legal obligation to amend his schedules has no bearing on the accrual of his claims or their classification as assets of the estate"); *Gorbach v. U.S. Bank Nat'l Ass'n*, No. 308754, 2013 WL 331610, at *3 (Mich. Ct. App. Jan. 29, 2013) (unpublished) (finding that plaintiff's lawsuit to void a foreclosure sale by advertisement, filed two months after plaintiff's bankruptcy petition was filed, and alleging

12

a failure to provide notice of foreclosure by advertisement, properly belonged to bankruptcy estate, finding that "plaintiff was clearly aware of his potential cause of action against defendants, as the complaint was filed slightly more than two months after he filed for bankruptcy and several months after the sheriff's sale was finished.  As it was the trustee, not plaintiff, who has standing to bring suit against defendants, plaintiff lacked standing to sue defendants unless he received permission or exempted the suit from bankruptcy."); *Young v. Independent Bank*, 294 Mich. App. 141, 143-46 (2011) (holding that plaintiff lacked standing to bring an action to quiet title to her primary residence, a claim which she failed to disclose in her bankruptcy filing, where she was clearly aware that she disputed the foreclosure of her home even though no suit had been filed).

There is no question that the claims asserted by Plaintiff in his original Complaint, and the claim he seeks to assert in his proposed Amended Complaint, accrued long before Plaintiff filed his Bankruptcy action on January 28, 2011.  The claims asserted in this action belonged to the bankruptcy estate and only the Trustee, absent abandonment, had capacity and standing to pursue these claims.[3]  Plaintiff has no standing to bring the instant claims seeking to recover the Property and the Court GRANTS Defendants' motion on this basis.

**C.      Plaintiff's Proposed Amended Complaint**

In his proposed Amended Complaint, Plaintiff seeks to drop all of the claims asserted in his original Complaint and instead seeks to ask this Court set aside the completed foreclosure by advertisement of his Property and grant him relief under section 600.3205c(8) by "converting" the

---

[3] "[A]bandonment requires the Trustee to give notice to the creditors and, if any object, the bankruptcy court must hold a hearing. 11 U.S.C. § 554(a); Fed. R. Bankr. P. 6007(a)." *Auday*, 698 F.3d at 905. *See also Young*, *supra*, 294 Mich. App. At 148 ("[a]n unscheduled asset cannot be abandoned even if the trustee knows of its existence").  There is no claim or evidence of abandonment here.

completed foreclosure to a judicial foreclosure and/or "vacate the sheriff's deed on mortgage sale."

As previously noted, Plaintiff's counsel recently presented this same argument to Judge Patrick

Duggan of this District, without success, in *Butts, supra*. Plaintiff's efforts meet a similar fate in this

Court.

> Mich. Comp. Laws § 600.3205c(8) provides:

> (8) If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

The Sixth Circuit has recently noted that the right to convert a foreclosure to advertisement

to a judicial foreclosure, the remedy made available solely by Mich. Comp. Laws § 600.3205c(8),

must be exercised before the foreclosure sale occurs:

> [T]he Smiths appear to have missed the boat regarding the applicability of this statute which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert. *See* Mich. Comp. Laws § 600.3205(c). This claim also fails.

*Smith v. Bank of America Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012). *See also Acheampong v.*

*Bank of New York Mellon*, No. 12-13223, 2013 WL 173472, at *5-6 (E.D. Mich. Jan. 16, 2013)

(noting *Smith, supra*, to be consistent with decisions in this District finding that § 600.3205(c)

"plainly" requires the borrower to seek the remedy of converting a foreclosure by advertisement to

a judicial foreclosure prior to completion of the foreclosure sale); *Butts*, 2012 WL 6194228 at *6

(finding that the remedy provided under § 600.3205c(8) for converting to a judicial foreclosure is

14

one the "plaintiff was required to seek out prior to consummation of the foreclosure by advertisement"); *Steinberg v. Federal Home Loan Mtg. Corp.*, __ F. Supp. 2d __, 2012 WL 4498297, at *5 (E.D. Mich. 2012) ("The appropriate remedy for a violation of the [loan modification] statute would be to ask that the foreclosure by advertisement be converted into a federal foreclosure. The property has already been foreclosed and the redemption period expired. Such relief is no longer available."); *Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("The plain language of § 600.3205c(8) . . . [required plaintiff] to act before the foreclosure by advertisement was completed. . . . [I]t does not allow those borrowers to avoid foreclosure altogether or to set aside a completed foreclosure."). *But see Bobel v. Met Life Home Loans*, No. 11-10574, 2012 WL 5823759, at *2 (E.D. Mich. Mar. 21, 2012) (Goldsmith, J.) (refusing to conclude that the Michigan Legislature intended to allow the § 600.3205c(8) conversion right only if the remedy is sought prior to the completion of the foreclosure).

Plaintiff's home was sold at foreclosure on May 26, 2010, and the right to redeem the Property expired six months later on November 28, 2010. At any time prior to foreclosure, Plaintiff could have applied for the remedy of conversion available to him under § 600.3205c(8), but Plaintiff took no action to seek judicial foreclosure or to attempt to redeem his property during the redemption period. Plaintiff also participated in summary eviction proceedings in state district court in December, 2010, represented by attorney Steve George, whose advice Plaintiff could (and may) have sought during the foreclosure process. Plaintiff has plainly "missed the boat" on seeking to "convert" that now completed foreclosure by advertisement to a judicial foreclosure.

Even assuming that completed foreclosure could be set aside to allow for a post-redemption conversion to a judicial foreclosure, Plaintiff has presented no evidence that would justify setting

aside the foreclosure on his Property. As the Sixth Circuit observed in *Smith*, under the plain language of § 600.3205c(8), a completed foreclosure by advertisement proceeding cannot logically be "converted" to a judicial foreclosure. Thus, as Judge Duggan noted in *Butts, supra*, a necessary antecedent to any decision regarding even the potential for a borrower to regain the right to convert to a judicial foreclosure once a completed foreclosure by advertisement has occurred (if such an action is even contemplated by the statute) is whether the borrower is entitled to set aside the completed foreclosure sale. Plaintiff in the instant case has failed to assert a single fact suggesting fraud or irregularity in the foreclosure process, or demonstrating that he was prejudiced by the alleged failure to send him notice of his right to seek a loan modification, that would entitle him to set aside the foreclosure sale of his Property.

Michigan courts have long held that a plaintiff is barred from challenging a foreclosure sale after the right to redemption has passed. *See Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942) (holding that "plaintiffs did not avail themselves of their right to redemption in the foreclosure proceedings and at the expiration of such right . . . all plaintiffs' rights in and title to the property were extinguished.") Several Michigan state and federal courts, discussed below, have applied *Piotrowski* to bar claims by former property owners on their foreclosed properties after the period of redemption has passed, some concluding that plaintiffs lack Article III standing after the redemption period has expired and others concluding that while plaintiffs have standing to bring the claims, their claims fail on the merits.[4]

---

[4] *See Snell v. Wells Fargo Bank, et al.*, No. 11-cv-12018, 2012 WL 1048576, at *3 (E.D. Mich. March 28, 2012) (citing *Overton v. MERS*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), and holding that under Michigan law plaintiffs lost standing to assert any claim with respect to the foreclosed property after the date on which the redemption period expired, at which time defendant became vested with all right title and interest in the property, and further holding that this

The Sixth Circuit recently weighed in on the standing/merits controversy in an unpublished

opinion, *Houston v. U.S. Bank Home Mtg. Wisconsin Servicing*, No. 11-2444, 2012 WL 5869918,

at * 4 (6th Cir. Nov. 20, 2012).  Noting that "district courts have split over whether the plaintiff in

*Overton* lacked standing . . . or whether instead the plaintiff lost his claim on the merits," the Sixth

---

"outcome is not altered by Plaintiffs' filing of th[e] lawsuit . . . one day before the expiration of the redemption period"); *Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 918 (E.D. Mich. 2012) (citing *Overton* and holding that plaintiffs lacked standing because they failed to redeem the property before the redemption period expired on December 2, 2011, at which time all right, title and interest vested in OneWest, and further finding that such an outcome was not altered by the fact that plaintiffs filed their lawsuit challenging the foreclosure on November 28, 2011, before the redemption period expired); *Gendjar v. BAC Home Loans Servicing, LP*, No. 11-14557, 2012 WL 130139, at *2 (E.D. Mich. Jan. 17, 2012) (citing *Overton*, recognizing that Michigan law provides that a former owner of foreclosed property loses all right, title and interest in the property once the period of redemption expires, holding that plaintiffs therefore lacked standing to assert a claim thereafter and that plaintiffs' filing of a lawsuit on the day the redemption period expired did not toll the redemption period); *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276, at *4 (E.D. Mich. Nov. 1, 2011) (citing *Overton*, analyzing the issue as one of standing and concluding that, having made no attempt to challenge the foreclosure during the redemption period, plaintiff lacked standing to challenge the sale because all right, title and interest vested in the purchaser at the time of the sheriff's sale); *Moriarty v. BNC Mortgage, Inc.*, No. 10-13860, 2010 WL 5173830, at *2 (E.D. Mich. Dec. 15, 2010) (citing *Overton* and concluding that pursuant to Michigan law, once the redemption period following foreclosure expired, the former owner's right, title and interest in the property are extinguished and former owner lacks standing to challenge the foreclosure and sale, even when suit is filed before expiration of the redemption period).  *See also Gregory v. Citimortgage, Inc.*, 890 F. Supp. 2d 791, 797-98 (E.D. Mich. 2012) (interpreting *Overton* as a merits decision, rejecting defendant's standing argument and holding that a claim post-redemption of "continuing ownership of the property . . . satisfies constitutional and prudential standing requirements"); *Tatar v. Trott & Trott, P.C.*, No. 10-12832, 2011 WL 3706510, at *7 n.3 (E.D. Mich. Aug. 3, 2011) (collecting cases and addressing the issue as a merits decision, not a standing decision, and concluding that a failure to challenge a foreclosure during the redemption period deprives the mortgagor of the right to mount a challenge after the redemption period has expired and the purchaser has been vested with all right, title and interest in the property); *Rainey v. U.S. Bank Nat'l Ass'n*, No. 11-12520, 2011 WL 5075700, at *2-3 (E.D. Mich. Oct. 25, 2011) (reasoning that as continued possessors of the property who claim continued right to legal ownership based on defects in the process that deprived them of that property, plaintiffs clearly have Article III standing); *Ahmad v. Wells Fargo Bank, N.A.*, No. 11-15204, 2011 WL 5075700, at *3-5 (E.D. Mich. Feb. 27, 2012) (agreeing with the Judge Lawson's analysis in *Rainey* that the expiration of the redemption period does not deprive a homeowner of Article III standing to bring a quiet title claim, but finding that plaintiffs' claims were subject to dismissal on other grounds).

Circuit "conclude[d] that *Overton's* holding does not turn on standing doctrine, because such an interpretation appears to be in conflict with Michigan law." *Id.* (citing *Mfrs. Hanover Mortg. Corp. v. Snell*, 142 Mich. App. 548 (1985), which held that a mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceedings).

Whether analyzed as an issue of standing or as a merits-based challenge, Plaintiff cannot challenge the foreclosure and sale to MERS in this case. The only possible exception to the rule that such claims are absolutely barred post-redemption applies when the mortgagor makes a strong showing of "fraud or irregularity." The burden on a plaintiff claiming such fraud or irregularity is high. "'The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.'" *Sweet Air Inv. Inc. v. Kenney*, 275 Mich. App. 492, 497 (2007) (quoting *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing *Detroit Trust Co. v. Aggozino*, 280 Mich. 402, 405-06 (1937)); *Schulthies v. Barron*, 16 Mich. App. 246, 247-48 (1969) ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity."). *See, e.g., Pine Oaks, LLC v. Devries*, No. 249163, 2004 WL 2827396, at *5 (Mich. Ct. App. Dec. 9, 2004) (finding "significant procedural irregularities with respect to the default, foreclosure and redemption" where home was sold for $100,000 less than its alleged value and where there were questions as to whether the foreclosure was undertaken against the proper party). "Moreover, the fraud, accident, or mistake must relate to the foreclosure proceeding itself." *Houston v. U.S. Bank Home Mtg. Wisconsin Servicing*, No. 11-2444, 2012 WL 5869918, at *5 (6th Cir. Nov. 20, 2012) (holding that "there must be a clear showing of fraud or irregularity as to the

18

foreclosure proceeding itself, and not simply as to any conduct by defendant"); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *6 (E.D. Mich. Feb. 24. 2011) (holding same).

Plaintiff does not allege any such procedural irregularities in the instant case.  Nor does Plaintiff's Complaint or his response to Defendant's motion state a claim of fraud.  A claim of fraud under Michigan law requires the following elements: (1) that the defendant made a misrepresentation; (2) that it was false; (3) that defendant knew at the time of making the statement that it was false or was reckless with regard to knowledge of the truth; (4) that defendant made it with the intention that plaintiff would rely on it; (5) that plaintiff did rely and act on the misrepresentation; and (6) that plaintiff suffered injury as a result.  *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330 (1976).  The failure to allege and establish each element independently defeats a claim of fraud.  *Id.*

Nor has Plaintiff alleged sufficient facts to set aside or void the transaction based on an alleged violation of § 600.3205a.  The Michigan Supreme Court has recently clarified that a defect in statutory foreclosure proceedings renders the foreclosure sale voidable, not void *ab initio*.  *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 118 (2012).[5]  A foreclosure that fails to comport with Michigan statutory foreclosure laws will be voidable only if plaintiffs demonstrate that "they were

---

[5]  *Kim* is in conflict with an earlier decision of the Sixth Circuit holding that defects in the foreclosure process render a foreclosure sale void *ab initio* because of a violation of the Michigan loan modification statute rendered the foreclosure void and the redemption period never began to run.  *See Mitan v. Fed. Home Loan Mtg. Corp.*, 703 F.3d 949 (6th Cir. 2012).  The *Mitan* panel subsequently refused defendant's request for rehearing en banc in light of the Michigan Supreme Court's decision in *Kim*.  *Mitan v. Fed. Home Loan Mtg. Corp.*, No 12-1169, 2012 WL 310190 (6th Cir. Jan. 25, 2013) (finding that the panel had determined that questions of fact prevented the grant of summary judgment and stating that Freddie Mac was free to argue in the district court on remand that *Kim* had changed the law of Michigan).  The Sixth Circuit has since recognized that *Kim* abrogated *Mitan*.  *See Mourad v. Homeward Residential, Inc.*, No. 12-1880, 2013 WL 870205, at *7 (6th Cir. March 8, 2013).

prejudiced by defendant's failure to comply with MCL 600.3204." *Id.* at 115. "To demonstrate

such prejudice, they must show they would have been in a better position to preserve their interests

in the property absent defendant's noncompliance with the statute." *Id.* at 116. For the reasons

discussed above, Plaintiff's claims based upon an alleged failure to comply with the requirements

of Mich. Comp. Laws § 600.3205c(8), even assuming the truth of the facts he seeks to plead in his

proposed Amended Complaint, fails even to state a plausible claim for relief and therefore cannot

serve as a basis to demonstrate that Plaintiff would have been in a better position absent the alleged

non-compliance with the statute.   Plaintiff merely claims that he doesn't remember receiving a

notice inviting him to seek loan modification.[6] Plaintiff has not pled, let alone adduced evidence to

support, facts that would entitle him to render the foreclosure sale voidable. Plaintiff does not

maintain that he was unaware that a foreclosure sale of his home was going to occur or that he was

misled into believing that one might not occur and, there is no evidence that he made any effort

convert the summary proceedings to a judicial foreclosure or to redeem the property after the

foreclosure sale, but prior to expiration of the redemption period. Moreover, Plaintiff had the advice

of counsel, at least during the summary eviction proceedings. *See Kim*, 493 Mich. at 121 (Markman,

J. Concurring) (suggesting that these should be among the considerations in deciding the issue of

---

[6] Although the Court need not resolve this factual dispute given its resolution of this motion, the Court notes that if it were called upon to decide whether Plaintiff has created a genuine issue of material fact regarding his receipt of notice of his rights under the loan modification statute, the Court would conclude that he has failed to do so. Plaintiff admitted in his deposition that he did receive correspondence from Trott & Trott but that he could not identify the loan mediation notice as a document that he had received. Defendants offer the Affidavit of Lillian Jimenez who testifies that she mailed the loan mediation notice to Plaintiff on March 31, 2010, by first class and certified mail and that the first class notice was not returned to Trott & Trott and the certified notice was unclaimed by the Plaintiff. (Defs.' Mot. Ex. H, Jimenez Aff. ¶¶ 3-6.) Plaintiff failed to counter this evidence with evidence of evidentiary quality sufficient to create a question of fact regarding Plaintiff's receipt of the loan mediation notice.

prejudice).

Thus, even assuming the Michigan statutory scheme would permit a borrower to seek the conversion of a foreclosure by advertisement to a judicial foreclosure *after* a completed foreclosure sale has occurred (and in this after the redemption period has expired), Plaintiff has failed even to plead the requisite prejudice that would be necessary to set aside, post-redemption, a completed foreclosure by advertisement, a necessary antecedent to any possible entitlement to seek judicial foreclosure under the Michigan statute.

## IV.   CONCLUSION

The Court GRANTS Defendants' motion based upon Plaintiff's failure to offer any legal or factual response to the motion to dismiss and/or for summary judgment.

The Court GRANTS Defendants' motion for the separate and independent reason that Plaintiff lacks capacity to institute the instant suit based upon his failure to give notice of these claims to the Bankruptcy court.

The Court further GRANTS Defendants' motion to dismiss and denies leave to amend the complaint because Plaintiff has failed to allege facts, or adduce evidence to support a claim, entitling him to an equitable extension of the redemption period or to set aside the foreclosure sale and granting leave to amend would be futile.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated:        MAR 2 9 2013

21