UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK A. RUGIERO,

               Plaintiff,                             Case No. 11-cv-12312

                                                  Paul D. Borman
                                                  United States District Judge

v.

                                                  Paul J. Komives
                                                  United States Magistrate Judge

FLAGSTAR BANK, FSB, NATIONSTAR
MORTGAGE, LLC, FANNIE MAE,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

               Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On March 29, 2013, this Court issued an Opinion and Order Granting Defendants' Motion

to Dismiss and/or for Summary Judgment.  (ECF No. 39.)  On April 26, 2013, Plaintiff filed a

Motion for Reconsideration.  (ECF No. 41.)  Defendants filed a response to the motion for

reconsideration.  (ECF No. 42.)  For the reasons that follow, the Court DENIES the motion for

reconsideration.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in

pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant
> motions for rehearing or reconsideration that merely present the same issues ruled
> upon by the court, either expressly or by reasonable implication. The movant must
> not only demonstrate a palpable defect by which the court and the parties and other
> persons entitled to be heard on the motion have been misled but also show that
> correcting the defect will result in a different disposition of the case.

1

E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).  "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted."  *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).  "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion."  *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010).  *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.").  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

Plaintiff's motion for reconsideration essentially restates arguments that have already been considered by the Court.  Plaintiff argues that "in effect" the bankruptcy court and the trustee abandoned any interest in Plaintiff's property, thus excusing his failure to list his claim involving the property as an asset on his bankruptcy schedules.  (Mot. Recon. 3.)  First, Plaintiff fails to acknowledge that his failure to respond in his responsive brief to any of the arguments proffered by Defendants in their motion was grounds enough to grant the motion.  Plaintiff apparently believes that just showing up at oral argument with a host of novel and factually unsupported arguments that he never bothered to address in his brief can carry the day for him.  Not in this Court.  But most

2

importantly, Plaintiff's motion for reconsideration breaks no new ground and demonstrates no defects in the Court's ruling. Not surprisingly, Plaintiff offers no law in support of his assertion that a claim can "in effect" be abandoned in bankruptcy. As the Court noted in its Opinion and Order, "abandonment requires the Trustee to give notice to the creditors and, if any object, the bankruptcy court must hold a hearing." *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 905 (6th Cir. 2012). "An unscheduled asset cannot be abandoned even if the trustee knows of its existence." *Young v. Independent Bank*, 294 Mich. App. 141, 147 (2011). "There is simply no such concept of 'assumed abandonment . . . .'" *Id.* (citation omitted). Nor does Plaintiff's counsel's unsupported speculation at oral argument about what the home was actually worth and whether Plaintiff would have been entitled to an exemption for the property anyway, change the analysis. Because Plaintiff knew of his potential dispute with the bank at the time of his bankruptcy, and during his bankruptcy proceedings, and failed to list it as an asset, he lacks standing to bring this claim.

Nor has Plaintiff identified any palpable defect in the Court's ruling that, even assuming Plaintiff had standing, his claims fail because he has not pleaded or persuasively argued the requisite prejudice that would entitle him to set aside his completed foreclosure post-redemption. *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 115 (2012).

Accordingly, because Plaintiff has failed to demonstrate a palpable defect in the Court's original opinion and order, the Court DENIES Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2013

3

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 25, 2013.

s/Deborah Tofil
Case Manager